IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TYE DEAN LEWIS ROSS CODY<br><br>Defendant. | Case No. 22-CR-63-JFH |

## OPINION AND ORDER

Before the Court is the Second Unopposed Joint Motion to Continue Trial and Scheduling Order Dates ("Motion") filed by Defendant Tye Dean Lewis Ross Cody ("Defendant"). Dkt. No. 26. Defendant represents that the United States of America ("Government") does not oppose the Motion. *Id.* at ¶ 1. For the reasons set forth below, the Motion [Dkt. No. 26] is **denied**.

The Motion falls under § 3161(h)(7)(A) of the Speedy Trial Act. This section permits a federal district court to exclude any period of delay resulting from a continuance if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). A court must orally or in writing set forth its reasons for granting an ends of justice continuance and make findings that a continuance is in the best interest of the defendant and the public. *Id.* The statute permits a court to consider whether "the failure to grant such a continuance ... would deny counsel for the defendant ... the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *Id.* at § 3161(h)(7)(B)(iv). The Tenth Circuit has been clear that an ends of justice continuance should not be granted "cavalierly" and it was intended to be a "rarely used tool." *United States v. Williams*, 511 F.3d 1044, 1048-49 (10th Cir. 2007).

In *United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009), the Tenth Circuit limited the circumstances in which an ends of justice continuance can be granted and emphasized that this should be a rarely used procedural tool. The parties must provide the district court a sufficient record to determine why the facts stated in a motion for continuance "result[] in the need for additional time." *Id.* at 1271. This requires the parties to provide specific information about the need for a continuance, and the district court may need to hold a hearing before granting an ends of justice continuance. *Id.* at 1272-73. A district court must also give significant weight to the public's interest in a speedy trial, and the public's interest is generally served by strict adherence to the requirements of the Speedy Trial Act. *Id.* at 1273.

An Indictment was filed initiating this matter on March 9, 2022. Dkt. No. 2. The Court has already granted one continuance of the jury trial in this matter. Dkt. No. 17. This case is now set for trial before a visiting judge on July 5, 2022. Dkt. No. 25.

In the Motion to Continue, Defendant states that a continuance is necessary "in light of the superseding indictment and its expanded allegations." Dkt. No. 26 at ¶ 8. Defendant goes on to state that the "superseding indictment is markedly expanded from the first indictment" and, therefore, additional time is necessary to "allow counsel time to adequately prepare for trial on the topic of auto accident reconstruction for a relatively complicated case that involved medical records, physics, traffic reconstruction and expert analysis." *Id.*

A superseding indictment was filed in this matter on May 2, 2022. Dkt. No. 20. While the filing of a superseding indictment is a factor that the Court may consider when a defendant requests a continuance, the filing of a superseding indictment does not restart the speedy trial clock or otherwise require a continuance of the trial setting. *See United States v. Apperson,* 441 F.3d 1162, 1181-82 (10th Cir.2006); *United States v. Mora*, 135 F.3d 1351, 1355 (10th Cir.1998); *United*

*States v. Smith*, 24 F.3d 1230, 1234 (10th Cir.1994).  Although the superseding indictment filed in this matter may contain more detail than the original indictment, the underlying charge and allegations against Defendant remain the same.  In other words, regardless of the level of detail contained in the original indictment, Defendant was aware of the nature of the charges against him and that "auto accident reconstruction" was likely necessary for his defense.  For these reasons, the Court does not find that the superseding indictment is "markedly expanded" and further finds that the filing of the superseding indictment does not justify a continuance under the circumstances presented here.

Additionally, the Joint Status Report ("JSR") filed by the parties indicates that discovery in this matter was complete as of April 11, 2022.  Dkt. No. 14.  Neither the JSR, nor the Motion allege that further discovery is anticipated.  Dkt. Nos. 14, 26.  The Court reminds the parties that the visiting judge has made travel arrangements to be present for July 5, 2022 jury trial and, due to the Court's multi-district caseload, scheduling orders are relatively inflexible.

Finally, in addition to considering Defendant's interests, the Court has considered the public's interest in the speedy resolution of criminal cases and finds that the requested continuance would subvert the public's interest in the prompt prosecution of criminal matters, if granted.  Accordingly, the Court concludes that the ends of justice are not served by granting Defendant's request.

**IT IS THEREFORE ORDERED** that the Second Unopposed Joint Motion to Continue Trial and Scheduling Order Dates [Dkt. No. 26] is **DENIED**.

Dated this 27th day of May 2022.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE