IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TYE DEAN LEWIS ROSS CODY,<br><br>Defendant. | Case No. 22-CR-63-JFH |

**OPINION AND ORDER**

Before the Court are numerous pretrial motions filed by both the United States of America ("Government") and Defendant Tye Dean Lewis Ross Cody ("Defendant"). Defendant is slated for trial on July 5, 2022, on two charges: (1) second degree murder; and (2) involuntary manslaughter. *See* Dkt. No. 25; Dkt. No. 35.

The Government filed two motions: an omnibus motion in limine [Dkt. No. 40] and a motion to determine Indian country as a matter of law [Dkt. No. 41]. Defendant filed three motions: an omnibus motion in limine [Dkt. No. 45], a motion to dismiss multiplicitous counts [Dkt. No. 47], and a motion to dismiss the second superseding indictment [Dkt. No. 46]. Neither the Government nor Defendant have filed responses to the pending motions. Additionally, both Defendant and the Government (other than the Government's motion to determine Indian country [Dkt. No. 41]) failed to comply with Local Rule 47-4, which requires that "a motion must state on the first page whether or not it is opposed. If opposed, the motion must recite whether concurrence was refused or explain why concurrence could not be obtained. A motion that fails to recite concurrence of each party may be summarily denied." LCrR47-4. Although the Court could summarily deny the motions for failure to comply with LCrR47-4, the Court will nevertheless

address all pending motions in this Order in light of the impending trial setting. The Court heard argument from both parties on the motions during a pretrial conference on June 23, 2022.

## FACTUAL BACKGROUND

Before dawn on May 28, 2020, Defendant was driving his vehicle northbound on U.S. Highway 169. Dkt. No. 40 at 1; Dkt. No. 45 at 1. Reports indicate that conditions were foggy and Defendant was speeding. *Id*. As Defendant attempted to pass another vehicle in a no-passing zone, he collided head-on with Leonard Logan Ladd, who was traveling southbound on U.S. Highway 169. *Id*. Mr. Ladd died on the scene as a result of the collision. *Id*.

A toxicology report indicated that Mr. Ladd had "trace" amounts of methamphetamine and amphetamine in his liver at the time of the collision. Dkt. No. 40 at 2; Dkt. No. 45 at 2. Additionally, Mr. Ladd's criminal history indicates that he has been charged multiple times with substance abuse related offenses, including operating a motor vehicle while impaired. Dkt. No. 40 at 2.

## AUTHORITY AND ANALYSIS

**A. Government's Motion to Determine Indian Country as a Matter of Law [Dkt. No. 41]**

The Government filed its Opposed Motion to Determine Indian Country as a Matter of Law ("Motion to Determine Indian Country"), seeking a determination that the intersection of U.S. Highway 169 and E0060 Road in Nowata County, Oklahoma is within the boundaries of the Cherokee Nation. Dkt. No. 41. The Government represents that defense counsel objects to the Motion to Determine Indian Country. *Id.* at 1.

A "district court can find, as a matter of law, a geographic area or particular location is Indian Country, and then instruct the jury to determine factually whether the offense occurred there." *United States v. Roberts*, 185 F.3d 1125, 1139-40 (10th Cir. 1999). The party seeking to

invoke the jurisdiction of a federal court must demonstrate by a preponderance of the evidence that the case is within the Court's jurisdiction. *United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994).

Here, the Government submits for the Court's review a map of the Cherokee Nation, showing that the intersection of U.S. Highway 169 and E0060 Road in Nowata County, Oklahoma is within the Cherokee Nation's boundaries. Cherokee Nation Boundary Map (last accessed June 21, 2022), https://cherokee.maps.arcgis.com/apps/webappviewer/index.html?id=921f8793c9914a7792274f72441fad8d. The Court finds this sufficient to demonstrate by a preponderance of the evidence that the location of the charged event is within Indian Country. A jury, however, will determine the factual question of whether anything of a criminal nature occurred at the intersection of U.S. Highway 169 and E0060 Road in Nowata County, Oklahoma. The Government's Motion to Determine Indian Country [Dkt. No. 41] is **granted**.

B. **Defendant's Motion to Dismiss Multiplicitous Counts [Dkt. No. 47]**

Defendant has filed a motion to dismiss multiplicitous counts asking the Court to either dismiss or order the Government to elect which count of the superseding indictment it intends to proceed. Dkt. No. 47 at 1. Specifically, Defendant alleges that "Counts One and Two are multiplicitous because they allege two crimes both stemming from a single alleged act of criminal behavior—killing Leonard Ladd in a motor vehicle collision." *Id*.

"Multiplicity refers to multiple counts of an indictment which cover the same criminal behavior." *U.S. v. Johnson*, 130 F.3d 1420, 1424 (10th Cir. 1997). Multiplicitous counts "are improper because they allow multiple punishments for a single criminal offense" in violation of the double jeopardy clause of the Constitution. *U.S. v. Jenkins*, 313 F.3d 549, 557 (10th Cir. 2002). Allowing multiplicitous counts at trial "may falsely suggest to a jury that a defendant has

committed not one by several crimes." *Johnson*, 130 F.3d at 1426 (quotation omitted). "Once such a message is conveyed to the jury, the risk increases that the jury will be diverted from a careful analysis of the conduct at issue, and will reach a compromise verdict or assume the defendant is guilty on at least some of the charges." *Id.* However, multiplicity is not fatal to an indictment, and district courts have discretion whether to require the prosecution to elect between multiplicitous counts before trial. *Id.* at 1424, 1426. It is only "multiplicitous *sentences* [which] violate the Double Jeopardy Clause." *U.S. v. McCullough*, 457 F.3d 1150, 1162 (10th Cir. 2006) (emphasis added) (quotation omitted). If an indictment results in multiplicitous convictions, the proper remedy "is to vacate one of the underlying convictions as well as the sentence based upon it." *Id.* (quotation omitted).

"A person may be prosecuted for more than one crime based on the same conduct if (1) each crime requires proof of a fact that the other does not, or (2) if Congress has clearly expressed its intent to impose cumulative punishment for the same conduct under different statutory provisions." *U.S. v. Pearson*, 203 F.3d 1243, 1267-68 (10th Cir. 2000) (citations omitted). Neither party directs the Court to a statement of congressional intent to impose cumulative punishment. The Court thus focuses on the first inquiry, often called the "same elements test," which functions "as a proxy for congressional intent in the usual case." *United States v. Christie*, 717 F.3d 1156, 1173 (10th Cir. 2013). This test, derived from *Blockburger v. United States*, 284 U.S. 299, 304 (1932), "requires [the Court] to inquire whether each offense at issue contains an element not contained in the other. If the answer is yes, . . . Congress authorized punishments for both offenses; if the answer is no, . . . Congress authorized punishment for only one offense." *Id.* (quotations omitted).

4

Both offenses here—second degree murder and involuntary manslaughter—involve the unlawful killing of a human being. *United States v. Wood*, 207 F.3d 1222, 1228 (10th Cir. 2000). The difference between them is the requisite mens rea. *Id*. Specifically, "[t]he distinction between involuntary manslaughter and second degree murder is that the former does not require malice aforethought." *Id*. at 1229. Second degree murder thus has an element distinct from involuntary manslaughter. Involuntary manslaughter, however, appears not to have an element distinct from second degree murder. If so, involuntary manslaughter fails the *Blockburger* test's requirement that *each* offense contain an element not contained in the other. During the June 23, 2022 pretrial conference, the Government conceded the charges are likely multiplicitous. The Court need not resolve the issue, however, because even if the counts are multiplicitous, Defendant's requested dismissal is not the proper remedy here.

The Court may in its discretion allow multiplicitous counts to proceed. *See Johnson*, 130 F.3d at 1426. At trial, the Court will take up the issue of whether it should instruct the jury on a lesser included offense theory. *See United States v. Roy*, 408 F.3d 484, 491 (8th Cir. 2005) ("[M]ultiplicitous indictments may be saved at the trial stage if the district court submits an appropriate instruction to the jury."). Should Defendant be convicted under both second degree murder and involuntary manslaughter (which will be unlikely once the Court fashions its jury instructions), Defendant may seek vacatur of the multiplicitous conviction. *See McCullogh*, 457 F.3d at 1162. For this reason, Defendant's Motion to Dismiss Multiplicitous Counts [Dkt. No. 47] is **denied**.

C. **Motion to Dismiss Second Superseding Indictment [Dkt. No. 46]**

Defendant has filed a Motion to Dismiss Second Superseding Indictment ("Motion to Dismiss") [Dkt. No. 46] on the basis that the Second Superseding Indictment [Dkt. No. 35] "is

insufficient in that it fails to adequately apprise the Defendant with requisite specificity what acts and allegations the Government must prove to convict the Defendant" in violation of U.S. CONST. AMEND. V and VI. Dkt. No. 46 at 1. Specifically, Defendant states that the second degree murder charge amounts to a "bare bones recitation of statutory elements" and does not provide "notice of what [Defendant] did in this collision to kill Leonard Ladd with malice aforethought." *Id*. at 4. Defendant insinuates that the indictment must include evidence of Defendant's "malice aforethought." This is incorrect.

"On a motion to dismiss an indictment, the question is not whether the government has presented sufficient evidence to support the charge, but solely whether the allegations in the indictment, if true, are sufficient to establish a violation of the charged offense." *United States v. Todd*, 446 F.3d 1062, 1068 (10th Cir. 2006) (citing *United States v. Sampson*, 371 U.S. 75, 78-79 (1962)). "Pretrial dismissal based on undisputed facts is a determination that 'as a matter of law, the government is incapable of proving its case beyond a reasonable doubt.'" *Id*. However, dismissal in this manner is a "rare exception." *Id*. "Dismissals under this exception are not made on account of a lack of evidence to support the government's case, but because undisputed evidence shows that, as a matter of law, the Defendant could not have committed the offense for which he was indicted." *Id*. As an example, the Tenth Circuit found that an indictment should be dismissed pretrial where "the defendant offered undisputed evidence that he was not present when drugs, drug paraphernalia, and a pistol were found in his home [and t]he defendant therefore established that he could not, as a matter of law, be charged with knowingly using or carrying a pistol during and in relation to a drug-trafficking offense." *Todd*, 446 F.3d at 1068 (citing *United States v. Hall*, 20 F.3d 1084, 1087 (10th Cir. 1994)). This is not the case here.

The statute Defendant is charged with violating provides that second degree murder is "the unlawful killing of a human being with malice aforethought." 18 U.S.C. § 1111(a). Count One of the Superseding Indictment charges Defendant with unlawfully killing Leonard Logan Ladd with malice aforethought during a motor vehicle collision in violation of 18 U.S.C. §§ 1151, 1152, and 1111. Dkt. No. 35. These allegations, if proved, are sufficient to establish a violation of 18 U.S.C. § 1111.

Here, it appears to be undisputed that, as Defendant attempted to pass another vehicle in a no-passing zone, he collided head-on with Leonard Logan Ladd, causing Mr. Ladd's death. Dkt. No. 40 at 1; Dkt. No. 45 at 1. The only disputed issue appears to be Defendant's mens rea. Defendant has not offered undisputed evidence of his mens rea, or otherwise proven that the Government is incapable of proving that Defendant acted with malice aforethought. The exception as discussed in *Todd* is inapplicable here. Therefore, Defendant's Motion to Dismiss Second Superseding Indictment [Dkt. No. 46] is **denied**. Of course, should the Government fail to prove the requisite mens rea at trial, the Court is confident Defendant will present a Rule 29 motion.

### D. Motions in Limine [Dkt. Nos. 40, 45]

"The purpose of a motion in limine is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to the issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Mendelsohn v. Sprint/United Mgmt. Co.*, 587 F. Supp. 2d 1201, 1208 (D. Kan. 2008) *aff'd*, 402 F. App'x 337 (10th Cir. 2010) (quotation and citation omitted). In many instances, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in the proper context. *Id.* A court will generally not grant a motion *in limine* unless the moving party meets its burden of showing that the evidence in question is clearly inadmissible on *all* potential

grounds." *Tulsa Zoo Mgmt., Inc. v. Peckham Guyton Albers & Viets, Inc.*, No. 17-CV-644, 2019 WL 1562147, at *1 (N.D. Okla. Mar. 5, 2019) (citation and quotation omitted).

Both the Government and Defendant have filed motions in limine. Dkt. Nos. 40, 45. The Court will address the issues raised in each motion below.

    **i.**     **Mr. Ladd's Toxicology Report**

The Government asks the Court to preclude the introduction of evidence regarding Mr. Ladd's toxicology report showing "trace" amounts of methamphetamine and amphetamine. Dkt. No. 40 at 2-3. Specifically, the Government argues that under Federal Rules of Evidence 402 and 403, this evidence should be excluded as irrelevant and unduly prejudicial, likely to lead to the confusion of issues and mislead the jury to have "impermissible, negative, and potentially hostile feelings toward controlled substances users," such as Mr. Ladd. *Id*. at 3. Additionally, the Government argues that without a forensic toxicological expert to testify regarding the quantities of the substances found in Mr. Ladd's liver and the potential effect it may have had on him at the time of the collision, the jury will not be able to fairly evaluate this evidence. *Id*.

Defendant argues that Mr. Ladd's toxicology report should be admitted. Specifically, Defendant argues that "the fact that [Mr. Ladd] had ingested methamphetamine does give insight into Mr. Ladd's driving habits and potential impairment" and suggests that "his own intoxication could have contributed to the accident and his death." Dkt. No. 45 at 5.

Defendant claimed during the pretrial conference that Mr. Ladd's alleged intoxication is relevant to weigh the negligence of the two drivers against each other. The Court disagrees. "Comparative and contributory negligence are not defenses to a criminal charge." *Toles v. Higgins*, No. CIV-13-273-D, 2016 WL 919947, at *3 (W.D. Okla. Feb. 12, 2016), *report and recommendation adopted*, No. CIV-13-273-D, 2016 WL 927234 (W.D. Okla. Mar. 10, 2016)

(quoting the Oklahoma Court of Criminal Appeals and finding it "to be a reasonable application of clearly established federal law").[1]

Defendant also claimed during the pretrial conference that Mr. Ladd's alleged intoxication is relevant and proper because it would go to Mr. Ladd's intent and knowledge. The Court interprets this as a reverse 404(b) argument. Reverse 404(b) allows evidence of a non-defendant witness' bad acts "for defensive purposes if it tends, alone or with other evidence, to negate the defendant's guilt of the crime charged against him." *United States v. Montelongo*, 420 F.3d 1169, 1174 (10th Cir. 2005) (quoting *Augshi v. Duerr*, 196 F.3d 754, 760 (7th Cir. 1999)). "[A]dmissibility of reverse 404(b) evidence depends on a 'straightforward balancing of the evidence's probative value against considerations such as undue waste of time and confusion of the issues.'" *Id.* (quoting *United States v. Stevens*, 935 F.2d 1380, 1404-05 (3d Cir. 1991)). Defendant has not established that Mr. Ladd's alleged state of intoxication would negate Defendant's guilt of the crime charged. It appears to be undisputed that as Defendant attempted to pass another vehicle in a no-passing zone, he collided head-on with Leonard Logan Ladd, causing Mr. Ladd's death. Dkt. No. 40 at 1; Dkt. No. 45 at 1. In support of the admission of the toxicology report, Defendant suggests that "[a] sober driver may have pulled to the side when he saw [Defendant] moving into his lane to pass." Dkt. No. 45 at 5. There is no evidence to suggest that Mr. Ladd saw Defendant's vehicle prior to the collision, or whether there would have been sufficient time for Mr. Ladd to avoid the collision. This is exactly the type of speculation that Fed.

---

[1] Defendant attempted to distinguish between "involuntary manslaughter" and "negligent homicide" at the hearing, suggesting comparative negligence would apply to the latter even if not the former. Unlike the Oklahoma state criminal code's separate felony manslaughter and misdemeanor vehicular negligent homicide crimes, the federal criminal code does not establish a negligent homicide crime (of either felony or misdemeanor degree) separate from involuntary manslaughter. *Compare* 21 O.S. §§ 711, 716 & 47 O.S. § 11-903 *with* 18 U.S.C. Chapter 51 *with* 47 O.S. § 11-903. Defendant's state law argument is not tenable.

9

R. Evid. 404 seeks to prevent. Moreover, admission of Mr. Ladd's alleged intoxication would invite speculation and would mislead and confuse the jury.

For these reasons, the Government's motion in limine to exclude evidence of Mr. Ladd's toxicology report [Dkt. No. 40] is **granted**.

### ii. Mr. Ladd's Criminal History and Prior Bad Acts

The Government asks the Court to preclude the introduction of evidence regarding Mr. Ladd's criminal history and prior acts related to substance abuse related offenses, including instances of operating a motor vehicle while impaired. Dkt. No. 40 at 2. Defendant argues that Mr. Ladd's criminal history and prior bad acts should be allowed because they "reflect on his judgment as a driver" and that Mr. Ladd had "first-hand knowledge that intoxicated driving was dangerous per se." Dkt. No. 45 at 5. Defendant states that this evidence is "highly relevant to the defense that [Defendant] did not act with gross negligence or malice aforethought." *Id*. In support of this argument, Defendant cites to caselaw allowing "the admission of prior DUI arrests and convictions in proceedings when it reflects on the mindset of those *charged with causing* vehicular homicide." *Id*. at 6 (citing *United States v. Merritt*, 961 F.3d 1105, 1112 (10th Cir. 2020) (emphasis added)).

Mr. Ladd's criminal history and prior bad acts provide no import whatsoever on Defendant's mindset. As with Mr. Ladd's alleged intoxication, his criminal history and prior bad acts do not negate Defendant's alleged actions and fail the reverse 404(b) test because they would confuse the issues for the jury. The Government's motion in limine to exclude evidence of Mr. Ladd's criminal history and prior bad acts [Dkt. No. 40] is **granted**.

### iii. Defendant's Lack of Criminal History

The Government asks the Court to preclude the introduction of any evidence related to Defendant's lack of criminal history as irrelevant and inadmissible character evidence. Dkt. No. 40 at 6-8. Specifically, the Government states that while Defendant can offer reputation or opinion evidence, he may not offer "'specific instances of conduct' related to his lack of criminal convictions or arrests because this character trait is not an essential element of a charge, claim or defense." *Id*. at 7 (citing *United States v. Talamante*, 981 F.2d 1153, 1156 (10th Cir. 1992)).

The Federal Rules of Evidence provide that at trial a defendant may adduce "evidence of a pertinent trait of character." Fed. R. Evid. 404(a)(1). The Rules further provide that "proof [of character] may be made by testimony as to reputation or by testimony in the form of an opinion." Fed. R. Evid. 405(a). "Taken together, these rules make clear that although propensity evidence is generally not allowed, "when ... the defendant in a criminal case seeks to offer evidence of his good character to imply that he is unlikely to have committed a crime, the general rule against propensity evidence is not applied.'" *United States v. Yarbrough*, 527 F.3d 1092, 1101 (10th Cir. 2008) (citing 1 McCormick on Evidence § 191 (Kenneth S. Broun, ed., 6th ed. 2006)). Following, Defendant may offer opinion and reputation evidence to imply that he is unlikely to have committed the crimes charged in the present case.

However, Fed. R. Evid. 405 prohibits evidence of relevant specific instances of a person's conduct unless the person's "character or character trait is an essential element of a charge, claim, or defense." Fed. R. Evid. 405(b). In other words, evidence of specific instances is limited to "cases in which character is, in the strict sense, in issue and hence deserving of a searching inquiry." Fed. R. Evid. 405 advisory committee note. "When character is used circumstantially and hence occupies a lesser status in the case, proof may be only by reputation and opinion." *Id.*

Evidence of a defendant's criminal record, or lack thereof, is not an essential element of a charge, claim, or defense related to second degree murder or involuntary manslaughter, but instead a circumstantial use of character. Thus, while Defendant may offer opinion and reputation evidence to imply that he is unlikely to have committed the crimes charged in the present case, he may not offer testimony describing specific instances of his past conduct, including his lack of criminal history. The Government's motion in limine to exclude evidence regarding Defendant's lack of criminal history [Dkt. No. 40] is **granted**.

### iv. Defendant's Potential Punishment

The Government asks the Court to preclude the introduction of any evidence related to Defendant's potential punishment. Dkt. No. 40 at 9. Defendant argues that introduction of any evidence regarding potential punishment would cause jury confusion and prejudice against the Government. *Id*.

Unless a statute specifically requires jury participation in determining punishment, the jury should not be informed of the possible penalties. *See United States v. Greer*, 620 F.2d 1383, 1384–85 (10th Cir. 1980). Additionally, the Tenth Circuit Pattern Criminal Jury Instructions instruct the jury to "not discuss or consider the possible punishment in any way while deciding [their] verdict." Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit, *Criminal Pattern Jury Instructions*, 1.20 (2021). The Tenth Circuit has clearly decided that the consideration of a defendant's potential punishment is irrelevant, confusing to the jury, and prejudicial. For these reasons, the Government's motion in limine to exclude evidence regarding Defendant's potential punishment [Dkt. No. 40] is **granted**.

v.   **Autopsy Photographs**

Defendant asks the Court to order the Government to designate which autopsy photographs it will seek to introduce at trial, expressing concern that the Government may seek "to introduce testimony or photographs regarding the injury to Mr. Ladd that are arguably repetitive, cumulative, and unfairly prejudicial." Dkt. No. 45 at 7.

"The admission of photos in a homicide case is a matter within the sound discretion of the trial court." *United States v. Soundingsides*, 820 F.2d 1232, 1242-43 (10th Cir. 1987) (quoting *United States v. Cline*, 570 F.2d 731, 734 (8th Cir. 1978)). The Government provided the Court with copies of the disputed photographs during the June 23, 2022 hearing. However, a ruling on the photographs is best left until the full context of trial. Defendant's motion in limine regarding autopsy photographs [Dkt. No. 45] is **denied** as premature.

vi.   **Evidence of Fire**

Defendant asks the Court to exclude from trial all "photographs and testimony related to Mr. Ladd's corpse." Dkt. No. 45 at 8. Specifically, Defendant expresses concern regarding photographs and testimony related to the fire to Mr. Ladd's vehicle as a result of the collision. *Id*.

As discussed *supra*, "[t]he admission of photos in a homicide case is a matter within the sound discretion of the trial court." *Soundingsides*, 820 F.2d at 1242-43 (quoting *United States v. Cline*, 570 F.2d 731, 734 (8th Cir. 1978)). Again, this is best left to the time of trial when the Court can rule in the full context of the evidence and testimony presented. Defendant's motion in limine regarding evidence of the fire to Mr. Ladd's vehicle [Dkt. No. 45] is **denied** as premature.

## CONCLUSION

**IT IS THEREFORE ORDERED** that:

- The Government's Opposed Motion to Determine Indian Country as a Matter of Law [Dkt. No. 41] is **granted**.

- The Defendant's Motion to Dismiss Multiplicitous Counts [Dkt. No. 47] is **denied**.

- The Defendant's Motion to Dismiss Second Superseding Indictment [Dkt. No. 46] is **denied**.

- The Government's Motion in Limine [Dkt. No. 40] is **granted**.

- The Defendant's Motion in Limine [Dkt. No. 45] is **denied**.

**DATED** this 28th of June 2022.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE