IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 22-CR-63-JFH |
| TYE DEAN LEWIS ROSS CODY, | |
| Defendant. | |

## OPINION AND ORDER

Before the Court is a motion to compel disclosure ("Motion") filed Defendant Tye Dean Lewis Ross Cody ("Defendant"). Dkt. No. 58. Defendant is slated for trial on July 5, 2022, on two charges: (1) second degree murder; and (2) involuntary manslaughter. *See* Dkt. No. 25; Dkt. No. 35. In the Motion, he requests the Court order the United States of America ("Government") to unseal and produce to Defendant the grand jury records and transcripts underlying the case. Dkt. No. 58 at 1. Defendant states the Government has informed him that only one witness, FBI Agent Thomas Giffin ("Agent Giffin"), testified at grand jury and that the Government does not plan to call Agent Giffin at trial. *Id.* For the reasons stated below, the Motion is **denied.**

## BACKGROUND

Defendant was initially indicted in March 2022 for one count of involuntary manslaughter. Dkt. No. 2. The Government filed a superseding indictment in May 2022 adding additional factual detail but maintaining the single count of involuntary manslaughter. Dkt. No. 20. In June 2022—purportedly after plea talks fell through—the Government filed a second superseding indictment charging second degree murder as well as involuntary manslaughter. Dkt. No. 35. Defendant filed two motions to dismiss the second superseding indictment [Dkt. No. 46; Dkt. No. 47], which the Court has denied. Dkt. No. 66.

1

Trial is set to begin one week from the entry date of this Order. Defendant filed the Motion one day ago, seeking access to grand jury materials as part of trial preparation. Dkt. No. 58.

## AUTHORITY AND ANALYSIS

There is "a long-established policy that maintains the secrecy of the grand jury proceedings in the federal courts." *United States v. Proctor & Gamble Co.*, 356 U.S. 677, 681 (1958) (footnote omitted). "[A] court called upon to determine whether grand jury transcripts should be released necessarily is infused with substantial discretion." *Douglas Oil Co. v. Petrol Stops Nw.*, 441 U.S. 211, 223 (1979). "[I]n considering the effects of disclosure on grand jury proceedings, the courts must consider not only the immediate effects upon a particular grand jury, but also the possible effect upon the functioning of future grand juries." *Id.* at 222. "Relevance alone is not sufficient; secrecy will not be broken absent a compelling necessity for the materials." *In re Grand Jury 95-1*, 118 F.3d 1433, 1437 (10th Cir. 1997).

Federal Rule of Criminal Procedure 6 requires a strong showing of particularized need before grand jury materials may be disclosed. *United States v. Warren*, 747 F.2d 1339, 1347 (10th Cir. 1984) (collecting cases). To obtain grand jury transcripts under Rule 6, a moving party must make several showings: (1) the material they seek is needed to avoid a possible injustice in another judicial proceeding; (2) the need for disclosure is greater than the need for continued secrecy; and (3) the request is structured to cover only material so needed. *In re Lynde*, 922 F.2d 1448, 1451-52 (10th Cir. 1991) (citing *Douglas Oil Co.*, 441 U.S. at 222).[1]

---

[1] Defendant claims that the trial in the case is sufficient for the first requirement of "another proceeding." Dkt. No. 58 at 3 ("The materials are needed to avoid a possible injustice in another judicial proceeding – i.e., the trial . . . ."). This is not what the rule contemplates. "Another judicial proceeding" generally means another case. *See, e.g., Lynde*, 922 F.2d at 1452 ("In the instant case, petitioners argue the grand jury testimony . . . is needed for evidentiary purposes in connection with their pending civil litigation . . . thus establishing the first of the *Douglas Oil* factors, that the testimony is needed to avoid a possible injustice in another judicial proceeding[.]"). Even if

Defendant identifies two alleged particularized needs. First, he claims "[Defendant's] right to cross examination [] would otherwise be limited by the [G]overnment's secrecy." Dkt. No. 58 at 3. "Typically, cases of 'particularized need' arise when a litigant seeks disclosure of grand jury transcripts to impeach a witness, refresh his recollection, [or] test his credibility." *In re Special Grand Jury 89-2*, 143 F.3d 565, 570 (10th Cir. 1998). Defendant inverts this situation, as he states in the Motion that the Government does not plan to call Agent Giffin as a witness at trial. Because of Agent Giffin's unavailability, Defendant's theory goes, Defendant has a particularized need to investigate whether Agent Giffin "simply parroted the statements made by others to him," which would make the agent "necessarily a conduit to determine any prior inconsistent statements of the trial witnesses." Dkt. No. 58 at 3. This argument strains law and fact. It has been the law of the Tenth Circuit for more than forty years that there is no right to grand jury testimony of witnesses not called on to testify at trial. *United States v. Addington*, 471 F.2d 560, 569 (10th Cir. 1973) (citing *United States v. Parker*, 469 F.2d 884 (10th Cir. 1972); *Cargill v. United States*, 381 F.2d 849, 852 (10th Cir. 1967)). Moreover, use of transcripts in this fashion would be rank hearsay and improper impeachment material for any witnesses who *would* be called at trial. Defendant's first basis is not sufficient particularized need to overcome the necessary secrecy of the grand jury process.

Defendant's second purported particularized need "is the right of the defense to fair notice." *Id.* He alleges that the Government's second degree murder charge is "factually unsupportable," that "[i]f the [G]overnment is firm in its decision to indict [Defendant] for second degree murder, it should not be reluctant in proving up the cause to the Court," and that various

---

Defendant's "another proceeding" argument was availing, however, he has not demonstrated the "strong showing of particularized need, *Warren*, 747 F.2d at 1347, needed to gain access to grand jury transcripts.

3

prosecutorial choices the Government has made "only engender more concern about what evidence the grand jury heard." *Id.* at 4. This argument likewise fails. It is unquestionably clear in American jurisprudence that "an indictment valid on its face is not subject to challenge on the ground that the grand jury acted on the basis of inadequate or incompetent evidence." *United States v. Calandra*, 414 U.S. 338, 345 (1974) (citing *Lawn v. United States*, 355 U.S. 339, 350 (1958); *Costello v. United States*, 350 U.S. 359, 362 (1956); *Holt v. United States*, 218 U.S. 245 (1910)); *Addington*, 471 F.2d at 568 (same). "If indictments were to be held open to challenge on the ground that there was inadequate or incompetent evidence before the grand jury, the resulting delay would be great indeed." *Costello*, 350 U.S. at 408. "The result of such a rule would be that before trial on the merits a defendant could always insist on a kind of preliminary trial to determine the competency and adequacy of the evidence before the grand jury." *Id.* at 408-09.

Though Defendant seeks access to transcripts rather than dismissal of the indictment at this point, *Costello*'s reasoning still applies. A court exercising discretion regarding disclosure of grand jury transcripts must consider the possible effects upon future grand juries. *Douglas Oil*, 441 U.S. at 222. Here, Defendant's attempt to unlock the evidentiary basis of the second superseding indictment would, if successful, would invite future defendants to challenge the evidentiary basis for grand jury determinations—whether through motions to dismiss, motions to compel, or both. The Supreme Court has clearly foreclosed this path:

> This Court has repeatedly declined to require the use of adversarial procedures to make probable cause determinations. Probable cause, we have often told litigants, is not a high bar: it requires only the kind of fair probability on which reasonable and prudent people, not legal technicians, act. That is why a grand jury's finding of probable cause to think that a person committed a crime can be made reliably without an adversary hearing; it is and has always been thought sufficient to hear only the prosecutor's side . . . . Our criminal justice system [] relies on [a defendant's] contestation at trial when the question becomes whether [he or she] is guilty beyond peradventure.

4

*Kaley v. United States*, 571 U.S. 320, 338-39 (2014).  "Concern" over what evidence was presented to the grand jury is not particularized need.

## CONCLUSION

Defendant's attempt to seek the evidence presented before the grand jury is clearly improper.  The Court will not condone or reward it.

**IT IS THEREFORE ORDERED** that the motion to compel disclosure filed by Defendant [Dkt. No. 58] is **DENIED**.

Dated this 28th day of June 2022.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE